FILED

2018 JUL 10 PM 2: 22

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) | CASE NO. 1:18 CR 358 |
| v. | ) | |
| ELIZABETH WESTMORELAND, | ) | JUDGE NUGENT |
| aka ELIZABETH BURGESS, | ) | |
| aka ELIZABETH NASH, | ) | Title 18, Sections 641, 1028A(a)(1), 1341, 1343, 1349, and 2, United States Code |
| Defendant. | ) | |

General Allegations

At all times material and relevant to this Information:

1. Under the authority of Title 34 of the Code of Federal Regulations ("CFR"), Part 600, the United States Department of Education (the "USDOE") administered federal Student Financial Assistance ("SFA") programs that provided money for college to eligible students who attended participating post-secondary schools.

2. To receive SFA, students were required to complete a Free Application for Federal Student Aid ("FAFSA"). The FAFSA required students to provide their personal

information including names, social security numbers, dates of birth and addresses. The FAFSA also required students to state whether they possessed a high school diploma or general educational development certificate ("GED"), and to provide their adjusted gross income for the prior taxable year. The student could mail the FAFSA to a USDOE processing center or transmit it electronically via the Internet. Most FAFSAs were completed online, and as such, were electronically submitted to the USDOE processing center in Plano, Texas.

3. At all times relevant to this information, individuals who had previously defaulted on federal student loan repayments and remained in default status were not eligible to receive federal SFA, including federal Pell grants and federal student loans.

4. The amount of SFA that a student could receive was based on the total Cost of Attendance ("COA") at participating post-secondary colleges or universities. The COA included tuition and fees, on-campus room and board (or a housing and food allowance for off-campus students), and allowances for books, supplies, transportation, and loan fees. USDOE distributed SFA funds to a student's college for tuition and other educational related expenses. The college withheld the cost of tuition and other fees. Often, when there were funds remaining after the expenses and fees were paid to an institution, the student was entitled to receive those remaining funds to cover the student's cost of living expenses while enrolled in college. In such cases, the college disbursed the remaining funds to the student, which was called a "financial aid student refund."

5. Financial aid student refunds were typically disbursed to students in one of two ways: (a) an electronic transfer to a debit card issued in the student's name; or (b) a refund check

issued to the student by the college. Debit cards and refund checks were typically mailed to the student.

6. ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH was a resident of Euclid, Ohio, and South Euclid, Ohio, both located in the Northern District of Ohio, Eastern Division.

7. Lakeland Community College was a post-secondary college located in Kirtland, Ohio, within the Northern District of Ohio.

8. Edison State Community College was a post-secondary college located in Piqua, Ohio, within the Southern District of Ohio.

9. Owens Community College was a post-secondary college located in Perrysburg, Ohio, within the Northern District of Ohio.

10. University of Rio Grande was a post-secondary college located in Rio Grande, Ohio, within the Southern District of Ohio.

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1343, and Mail Fraud, 18 U.S.C. §1341, in violation of 18 U.S.C. § 1349)

The United States Attorney charges:

11. Paragraphs 1 through 10 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

12. From on or about May 11, 2013, and continuing through in or around January 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, and others known and unknown to the United States Attorney, did knowingly and voluntarily combine, conspire,

confederate, and agree together and with each other to commit offenses against the United States of America, that is, to devise and intend to devise a scheme and artifice to defraud the Department of Education and to obtain money and property from the Department of Education by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud:

    a. caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343; and

    b. placed, or caused to be placed, in any depository for mail matter, any matter or thing to be sent or delivered by the Postal Service, and took or received from the Postal Service, any such matter or thing delivered by the Postal Service, in violation of Title 18, United States Code, Section 1341.

OBJECT OF THE CONSPIRACY

13.    The object of the conspiracy was to obtain money and funds from the Department of Education to which the Defendant and other recipients were neither eligible to receive, nor entitled to in order to pay for their living expenses, other personal expenditures, and costs associated with attending Edison State Community College, Lakeland Community College, Owens Community College, and University of Rio Grande.

## MANNER AND MEANS

14. It was part of the conspiracy that Defendant, and others known and unknown to the United States Attorney, recruited persons and obtained the personal identifying information ("PII") of other individuals, which was used to apply for and obtain college admissions.

15. It was further part of the conspiracy that Defendant and others known and unknown to the United States Attorney, used the PII of other individuals to apply for and obtain SFA for which the applicant was unqualified and ineligible. The applications contained false and fraudulent pretenses and representations concerning the students' eligibility for SFA, including their status as regular students.

16. It was further part of the conspiracy that Defendant and others known and unknown to the United States Attorney, split the proceeds of the money fraudulently obtained as a result of the false and fraudulent student financial aid applications.

17. It was further part of the conspiracy that between in or around May 2013, and in or around January 2017, Defendant completed and fraudulently submitted FASFA forms using a fraudulently obtained identity, "Elizabeth Nash" and a second Social Security Account Number improperly issued in the name Elizabeth Nash, for the purpose of obtaining federal student financial aid to which she knew she was not entitled, having previously defaulted on FSA loans issued to her in the name "Elizabeth Burgess." As a result, Defendant fraudulently obtained FSA funds under the name "Elizabeth Nash" totaling approximately $ 35,959.00.

18. It was further part of the conspiracy that between in or around May 2016, and in or around January 2017, Defendant completed and fraudulently submitted FAFSA forms in the names of various individuals, including J.A., D.O., and D.D., for the purpose of obtaining federal

5

student financial aid to which she knew said individuals were not entitled. The FAFSA forms for said individuals included false addresses, false email addresses, and other false representations concerning the students' eligibility for financial aid. As a result, Defendant and said individuals fraudulently obtained FSA funds to which the students were not otherwise eligible, totaling approximately $ 142,517.50.

19. It was further part of the conspiracy that Defendant and others, arranged for some or all of the coursework of the recruited persons to be completed online by Defendant and other persons, to make it appear that the recruits were regular students, so that the SFA would be transferred from the Department of Education to the colleges and, in turn, student refunds for excess amounts of SFA would be disbursed via bank debit cards or by refund checks sent via the Postal Service to addresses and/or bank accounts controlled by Defendant.

20. It was further part of the conspiracy that Defendant and others working at her direction, transported some of the recruited students to various locations within the Northern District of Ohio to cash the financial aid refund checks, the proceeds from which were split between Defendant and the recruited students.

21. As a result of the foregoing conspiracy and fraudulent conduct, the Department of Education was defrauded and sustained a total loss of approximately $178,476.50.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
(Wire Fraud, in violation of 18 U.S.C. § 1343)

The United States Attorney further charges:

22. The factual allegations of paragraphs 1 through 10 and 13 through 21 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

23. From on or about May 11, 2013, through in or around January 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, and others known and unknown to the United States Attorney, devised and intended to devise a scheme and artifice to defraud and to obtain money from the USDOE by false and fraudulent pretenses, representations, and promises.

24. From on or about May 11, 2013, and continuing through in or around January 2017, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, to wit: FAFSA forms filed for recruited persons or for herself using a fraudulently obtained identity, by means of an online application, transmitted from the Northern District of Ohio, with the recipient being the USDOE processing center in Plano, Texas, including the following transmissions, each representing a separate count of this Information:

7

| Count | Date | Description | Type/ Location | Recipient / Location |
|---|---|---|---|---|
| 2 | 3/12/2014 | 2014-2015 FAFSA filed using name Elizabeth Nash | Online application South Euclid, Ohio | Department of Education Plano, Texas |
| 3 | 5/23/2016 | 2016-2017 FAFSA filed for J.A. | Online application South Euclid, Ohio | Department of Education Plano, Texas |
| 4 | 11/7/2016 | 2016-2017 FAFSA filed for D.O. | Online application Euclid, Ohio | Department of Education Plano, Texas |
| 5 | 10/26/2016 | 2016-2017 FAFSA filed for D.D. | Online application Euclid, Ohio | Department of Education Plano, Texas |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 6-9
(Mail Fraud, in violation of 18 U.S.C. § 1341)

The United States Attorney further charges:

25. The factual allegations of paragraphs 1 through 10 and 13 through 21 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

26. From on or about June 27, 2013, through in or around January 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, and others known and unknown to the United States Attorney, devised and intended to devise a scheme and artifice to defraud and to obtain money by false and fraudulent pretenses, representations, and promises.

27. From on or about June 27, 2013, and continuing through in or around January 2017, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, placed, or caused to be placed, in any depository for mail matter, any matter or thing to be sent or delivered by the Postal Service, and took or received from the Postal Service, any such matter or thing delivered by the Postal Service, including the following mailings, each representing a separate count of this Information:

| Count | Date | Description | Mailed by | Check Payee |
|---|---|---|---|---|
| 6 | 6/27/2013 | SFA refund check # 0193899 in amount of $4,142.36 | Edison State Community College | Elizabeth Nash |
| 7 | 11/10/2016 | SFA refund check # 60108064 in amount of $2,722.00 | Lakeland Community College | D.D. |
| 8 | 1/26/2017 | SFA refund check # 60108193 in amount of $4,910.87 | Lakeland Community College | J.A. |
| 9 | 2/2/2017 | SFA refund check # 60108973 in amount of $2,636.09 | Lakeland Community College | A.B. |

All in violation of Title 18, United States Code, Section 1341.

COUNT 10
(Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1))

The United States Attorney further charges:

28. Between in or around May 2016, and in or about January 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, during and in relation to felony violations of Title 18, United States Code, § 1341 and §1343, knowingly transferred, possessed and used, without lawful authority, a means of identification of one or more other individuals to wit: J.A., and knowingly aided and abetted the transfer, possession and use without lawful

authority, of the means of identification of one or more other persons, knowing that said means of identification belonged to one or more other persons.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 11
(Theft of Government Property, in violation of 18 U.S.C. § 641)

The United States Attorney further charges:

29. From in or around May 2012, and continuing until in or around May 2017, in the Northern District of Ohio, Eastern Division, Defendant ELIZABETH WESTMORELAND aka ELIZABETH BURGESS aka ELIZABETH NASH, in a continuing course of conduct, did willfully and knowingly steal, purloin, and convert to her own use, property of the United States exceeding $1,000 in value belonging to the Social Security Administration, an agency of the United States, to wit: Social Security Title II Retirement Insurance benefits in the amount of approximately $27,267.00.

All in violation of Title 18, United States Code, Section 641.

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY

By: *[signature]*
DAVID SIERLEJA
First Assistant U.S. Attorney