UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18CR00358-001 |
| Plaintiff, | HON. DONALD C. NUGENT |
| -vs- | |
| ELIZABETH WESTMORELAND, | |
| Defendant. | |

**DEFENDANT'S SENTENCING MEMORANDUM**

While Defendant is precluded by the terms of her plea agreement from recommending or suggesting in any way that a departure or variance is appropriate, the agreement does not preclude an objection to the inappropriateness of a departure.  Defendant, through counsel, respectfully objects to any determination that her criminal history category under-represents the seriousness of her background.  Application Note 2(A) to USSG 4A1.3 does not contain examples of conduct that would apply to Westmoreland, and Application Note 2(B) states that in deciding whether an upward departure from the highest criminal history category is appropriate, "…the court should consider…the nature of the prior offenses rather than simply their number…."  Westmoreland's criminal history does not appear to contain offenses of violence or drug trafficking or allegations of sexual misconduct.  Any upward departure with regard to criminal history category is inappropriate.

Also, with regard to the criminal history category, Defendant objects to any determination that she falls within Category IV.  Defendant submits that the appropriate

category is III, in that the sentences referenced in Paragraphs 61 and 62 of the final presentence report, in which three (3) criminal history points have been assigned to each offense, represent a single sentence.  Both sentences were imposed on November 12, 1993; in each instance, the final release date is September 26, 2002; and, both sentences were served concurrently.  Defendant cites USSG 4A1.2(a)(2)(B) as authority for the conclusion that a total of only three (3) criminal history points should be added for the offenses referenced in Paragraphs 61 and 62.  The total criminal history points, therefore, should be four (4) placing Defendant in Criminal History Category III with a sentencing range of 37 – 46 months (at Offense Level 19), unless other considerations further reduce the Offense Level.

What is a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing in the Westmoreland case?  Defendant, through counsel, respectfully submits that the least restrictive sentence, as determined by the Court, will satisfy 18 USC 3553(a).  If the Court accepts the sentencing range at Offense Level 19 and Criminal History Category III, that sentence would be 37 months plus 24 months (2 years consecutive for the Aggravated Identity Theft count) for a total of 61 months.  If the Offense Level is lessened (i.e., for Substantial Assistance), the total sentence would, also, be reduced.  The Court is always the final authority with regard to the ultimate sentence, and, herein, the least restrictive sentence would satisfy all legal requirements.

In determining the ultimate sentence, it is respectfully submitted that the Court should consider that Elizabeth Westmoreland's life expectancy will diminish exponentially depending upon the amount of time she spends in prison where stress and other factors will combine to negatively impact how long she will live, especially since she is now age 70 and not as resilient

as a younger person.  Elizabeth Westmoreland, through counsel, submits that the quality of her life following her eventual release from prison is a consideration for the Court in terms of a just sentence.  It is ineluctable that as one ages beyond the age of 70, the quality of her life is reduced by health issues and other concerns, even when she has access to the best medical care under ideal circumstances.  A just sentence, therefore, should incorporate statutory requirements and the advisory guidelines and the proposition that justice can and will be served if Elizabeth Westmoreland is allowed to enjoy a decent quality of life after she has served her sentence.  A sentence that allows her to be released at the earliest time is, therefore, appropriate.

     The offense conduct and Elizabeth Westmoreland's criminal history are inexcusable, and no effort is made herein to justify that conduct.  Her historical circumstances, however, provide some insight into her history of taking advantage in certain situations.  She never knew her biological father.  Her mother was a severe alcoholic, and Westmoreland observed her mother being physically abused by numerous boyfriends who were in and out of the home.  One boyfriend may have sexually abused Westmoreland over an extended period of time.  The family was always in financial straits, and they were forced to rely on government and family assistance.

     Westmoreland has been married 5 times which suggests either that she has followed her mother's pattern of poor judgment or her own inability to allow anyone to become close.  Westmoreland never graduated from high school, although she eventually obtained her GED.  Thereafter, she did audit some college courses.

It is likely that Elizabeth Westmoreland has never fully recovered from traumas that plagued her in her youth and throughout her life.  Her resort to criminal conduct is suggestive of someone who feels overwhelmed and who lacks the confidence to approach life in a more acceptable manner.  A lengthy prison term will not provide her with that confidence.

Elizabeth Westmoreland does not seek the Court's forgiveness, but, rather, she seeks the Court's mercy.  She does fully accept her responsibility for the conduct that occurred in this matter.  She has already made efforts to make amends for that conduct.  By law, she must serve 2 years in addition to an underlying sentence determined by the Court based on the advisory guidelines, statutory requirements and the Court's discretion. In this case, the least harsh sentence available will serve to punish Westmoreland while, at the same time, it would allow her to have a reasonable quality of life when she is eventually released.

Defendant respectfully requests that she be allowed to self-surrender to the institution when instructed to do so.

Respectfully submitted,

/s/ Jerome Emoff (0001425)
1468 West 9th Street, #135
Cleveland, Ohio  44113
216-861-4211

Certificate of Service

A copy of the foregoing Sentencing Memorandum is available to any interested party through the Court's electronic filing system.

/s/ Jerome Emoff